IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONYELL PADDY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JEFFREY BEARD, LOUIS S. FOLINO,** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA, THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA** | : | **NO. 03-5312** |

**NORMA L. SHAPIRO, J.**                                                        **SEPTEMBER 19, 2012**

## MEMORANDUM

Petitioner Donyell Paddy ("Paddy"), an inmate serving a life sentence at the State Correctional Institution in Waynesburgh, Pennsylvania, filed a motion to alter or amend this court's November 20, 2012 Memorandum and Order. That order approved and adopted Magistrate Judge Thomas J. Reuter's Report and Recommendation ("R&R"), overruled Paddy's timely filed objections, and denied the petition for writ of habeas corpus. For the reasons stated below, the motion to alter or amend the judgment will be denied on all claims except those not ruled on in its November 20 order. Those claims have been considered and will be denied for the reasons below.

**I. BACKGROUND**

A state court jury convicted Paddy of first degree murder and possession of an instrument of crime. At trial, testimony established that in July 1989, petitioner shot and killed Wilbur Thomas after Stephen Blount, a drug dealer, ordered petitioner to kill the decedent for interfering with Blount's drug business. Petitioner drove a rust-colored Volvo to the scene, exited the car, shot and killed Thomas, re-entered the Volvo and fled the scene. Paddy was sentenced to life imprisonment. *Commonwealth v.*

1

*Paddy*, No. 1348 Phila. 1995, slip op. at 2 (Pa. Super. Ct. Oct. 28, 1996). Paddy, represented by new counsel, filed a direct appeal to the Superior Court. The Superior Court affirmed Paddy's conviction and sentence. *Paddy*, No. 1348 Phila. 1995. The Pennsylvania Supreme Court denied Paddy's application for discretionary review. *Commonwealth v. Paddy*, 692 A.2d 564 (Pa. 1997).

On September 10, 1997, Paddy filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq.* The PCRA court appointed new counsel, but appointed counsel was permitted to withdraw after Paddy requested leave to proceed *pro se*. The court appointed another attorney as backup counsel (Paddy's fourth lawyer), but this lawyer withdrew because of a conflict of interest. The court appointed another lawyer as backup counsel (Paddy's fifth lawyer). After Paddy stated in a colloquy that he no longer wished to represent himself, appointed counsel filed an amended PCRA petition. The court dismissed the petition. *Commonwealth v. Paddy*, No. 0826, slip op. (C.P. Phila. Mar. 21, 2002).

Paddy, still represented by his fifth lawyer, appealed denial of his PCRA petition. The Superior Court affirmed the dismissal of Paddy's PCRA petition. *Commonwealth v. Paddy*, No. 2533 EDA 2001 (Pa. Super. Ct. Dec. 10, 2002). Paddy then filed a second, *pro se* PCRA petition and a supplemental PCRA petition. He also filed a petition in this court for a writ of habeas corpus. This court issued an order to hold federal proceedings in abeyance pending disposition of Paddy's second PCRA petition. The action was placed in administrative suspense.

On June 8, 2004, Paddy, represented by a new set of attorneys, filed an amended PCRA petition in state court. The PCRA court dismissed the petition after sending a notice of intent to dismiss because the petition was untimely. The Superior Court affirmed the dismissal. *Commonwealth v. Paddy*, No. 932 EDA 2005, slip op. at 5 (Pa. Super. Ct. Jan. 22, 2007). Paddy did not seek review in the Supreme Court. This court then removed his action from suspense and referred the case to

Magistrate Judge Reuter. In his federal habeas petition, Paddy raised over twenty grounds for relief. On October 28, 2008 Judge Reuter filed a Report and Recommendation that the petition be denied without an evidentiary hearing. Paddy then filed timely objections to the R&R. On November 20, 2012 this court approved and adopted the R&R and denied the petition.

Paddy filed a motion to alter or amend the judgment on December 18, 2012. The District Attorney's Office, in a letter dated January 3, 2013, declining to file a response brief, called the motion "a lengthy attempt to relitigate claims and issues decided adversely to him rather than a serious attempt to demonstrate that this Court committed manifest errors of law or fact, or that it overlooked new controlling legal authority." Letter from Joshua S. Goldwert, Assistant Dist. Attorney, to the Honorable Norma L. Shapiro (Jan. 3, 2012).

## II. DISCUSSION

Paddy titled his motion a "Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend the Judgement." Federal Rule of Civil Procedure 59(e) provides a movant with the ability to request that the court alter or amend a judgment, also referred to as a motion for reconsideration. Paddy requests that the court reconsider several rulings on the merits from the November 20, 2012 Memorandum and Order and denial of a certificate of appealability.

A motion for reconsideration under Fed. R. Civ. P. 59(e) may be granted if the petitioner shows: (1) an intervening change in controlling law; (2) the availability of new evidence that was not made available when the court rendered its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). Paddy asserts that his motion is "based on new law" and is intended "to correct manifest errors of both law and fact." A motion for reconsideration is subject to the sound discretion of the court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Motions for reconsideration are rarely granted because "courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his motion to alter or amend the judgment, Paddy asks this court to reconsider rulings and/or a certificate of appealability on:

1) Whether counsel was ineffective for failing to view allegedly exculpatory evidence in the prosecutor's file and for failing to call Mr. Beauford as a witness;

2) Whether the Commonwealth violated *Brady* by allegedly suppressing photographs showing the inoperability of the Volvo;

3) Whether Paddy's claim that the Commonwealth suppressed exculpatory evidence concerning the Volvo's condition upon arrival at the impound lot was properly presented to the state court;

4) Whether the Commonwealth suppressed evidence regarding the criminal activities of and benefits received by witness Marvin Neal;

5) Whether the Commonwealth suppressed evidence of witness Diane Nobles' criminal record and drug use;

6) Whether the Commonwealth suppressed material exculpatory evidence that Paddy's fingerprints were not found on the Volvo and that police investigated other suspects;

7) Whether the Commonwealth unlawfully suppressed the statements of Joseph Harris;

8) Whether Paddy's due process rights were violated when Marvin Neal allegedly testified falsely and the PCRA court denied a full hearing on this claim despite after discovered evidence;

9) Whether the PCRA's time-bar provision for new claims was an "adequate" state rule to bar merits review in federal court;

10) Whether the Commonwealth suppressed exculpatory evidence regarding Shawn Roussaw's criminal record and the benefits he received based on his testimony;

11) Whether the Commonwealth suppressed exculpatory evidence for failing to test the Volvo for decedent's fingerprints and blood;

12) whether the Commonwealth unlawfully withheld the exculpatory statement of alleged co-conspirator Steven Blount;

13) Whether Mr. Paddy procedurally defaulted his claim concerning the cumulative effect of his multiple *Brady* claims;

14) Whether trial counsel was ineffective for his failure to litigate the suppression of two allegedly suggestive in-court identifications.

### A. Claims Lacking Justification for Reconsideration

Many of the arguments raised by Paddy in his motion merely restate or reinforce prior arguments. These arguments provided no "new evidence," which in this context requires "evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs, Inc.*, 602 F.3d at 252. Motions for reconsideration do not provide parties "an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The court will deny reconsideration on requests one, four, six, seven, nine, ten, eleven and twelve for failure to raise any new evidence or new controlling law.

### B. Claims Alleging a Need to Correct a Clear Error of Law or Fact or to Prevent Manifest Injustice

Petitioner makes two requests for reconsideration in which he contends the court incorrectly found his claims were procedurally defaulted.

1. ***Whether Petitioner Presented to the State Courts the Claim that the Commonwealth Suppressed Exculpatory Evidence Concerning the Volvo's Condition when it Arrived at the Impound Lot***

The November 20 Order and Memorandum concluded that Paddy failed to raise the suppression of impound lot records in the state courts and the claim was procedurally defaulted. Memorandum at 11. Judge Reuter also found in his R&R that the claim was procedurally defaulted because Mr. Paddy did not "raise this factual issue in the state courts." R&R at 21. Paddy contends that the these findings are "factually incorrect," and that he raised the issue in his 2004 PCRA petition. Petr's Motion to Alter Judgment at 11.

5

To avoid a procedural default, petitioner must show that the state courts were given a "fair opportunity" to analyze the facts pertaining to his constitutional claim under controlling law and that the federal claim is the substantial equivalent of that presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). But, "it is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). The Court of Appeals "has interpreted substantial equivalence to mean *both* the legal theory and the facts on which a federal claim rests must have been presented to the state courts." *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990).

Petitioner quotes the following excerpt from his PCRA petition in support of his argument that this court was incorrect in finding that the claim was procedurally defaulted:

> Additionally, the car was towed to the police impound lot. Petitioner believes that records are kept documenting the condition of vehicles upon arrival. The Commonwealth failed to reveal evidence of the car's condition to the defense. Petitioner request that the Court order the Commonwealth to turn over documentation of the police impound lot prepared at the time of accepting the vehicle and any other documentation regarding the vehicle. Petr's Motion to Alter Judgment at 11.

This excerpt does not fairly present the alleged *Brady* violation to the state court. The PCRA court's response clearly shows that it was not asked to rule on a constitutional violation, but rather a discovery request: "[t]he Petitioner believes that certain records were made documenting the condition of the Volvo upon arrival at the impound lot. The Petitioner's unsubstantiated belief in the existence of such documents, whether accurate or not, does not compel this court to order discovery on this matter." *Commonwealth v. Paddy*, June Term, 1993, No. 0826 at 8 n.14 (August 19, 2005). Paddy may have presented the facts underlying his *Brady* claim, but he certainly did not include the legal theory in his PCRA petition. The state court did not have a fair opportunity to evaluate Paddy's *Brady* claim and the claim is now procedurally defaulted. The November 20 Order and Memorandum concluded that

6

Paddy failed to show cause and prejudice or demonstrate a fundamental miscarriage of justice. Memorandum at 20-21. The motion for reconsideration will be denied.

### 2. Whether Petitioner's Claim Concerning the Cumulative Effect of the Multiple Alleged Brady Violations was Procedurally Defaulted

Judge Reuter's R&R found that petitioner's claim of cumulative error was not exhausted in the state courts. The November 20 Order and Memorandum found that "[a]lthough Paddy raised many individual claims of *Brady* violations and prosecutorial misconduct in the state courts, he never presented a claim of cumulative error," and therefore the claim was procedurally defaulted. Memorandum at 15. Petitioner now points to numerous occasions in the PCRA proceeding where he allegedly raised and argued cumulative error.

A court may dismiss an unexhausted claim on its merits. 28 U.S.C. § 2254(b)(2). The Court of Appeals acknowledged that "errors that individually do not warrant habeas relief may do so when combined." *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007). Consequently, a claim of cumulative error only has merit if the court has already found errors on the part of the prosecution. This court has not found that the Commonwealth committed any *Brady* violations in this action, so there can be no cumulative error to reconsider. The motion for reconsideration will be denied.

### C. Claims Requesting Rulings on the Record

The court did not explicitly rule on three of petitioner's claims in the November 20, 2012 Order and Memorandum. Because petitioner's timely objections to the Report and Recommendation included these claims, the court now rules on them.

Petitioner asks the court to reconsider his ineffective assistance of counsel claim pertaining to the in-court identifications of Diane Nobles and Carrie Irick. Petitioner did not include this claim in his objections to Judge Reuter's recommendation; therefore it has been waived and the court will not

7

consider it now.

### 1. Whether the Commonwealth Violated Brady by Allegedly Suppressing Photographs Showing the Inoperability of the Vehicle

Judge Reuter correctly found that the potentially exculpatory photographs of the Volvo were not suppressed because "the prosecution informed the defense of the photographs and they were available to review." R&R at 19. Petitioner argues that while the photographs were not technically suppressed by the prosecution, the prosecutor misled defense counsel about their existence. This allegation is based on the fact that the prosecutor handed only certain photos to defense counsel in a meeting and failed to mention there were other photographs in the prosecution's file. Petitioner mistakenly relies on *Strickler v. Greene,* 527 U.S. 263 (1999) for his contention that "when a prosecutor with an open-file policy gives photographs to the defense showing the state of a crucial piece of evidence, the defense necessarily should reasonably be able to rely upon the implication that all the relevant evidence – inculpatory and exculpatory – was given to the defense." Petr's Motion to Alter Judgment at 8. *Strickler* found the prosecution had suppressed evidence when it had an open file policy and left exculpatory evidence out of the file. 527 U.S. at 289. In petitioner's case, the evidence was in the open file and the state notified defense counsel of its existence. Petitioner contends his trial counsel was misled because the prosecution did not identify these specific photos as potentially exculpatory and did not personally hand them to defense counsel. This is not a valid *Brady* claim. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the request for reconsideration will be denied.

### 2. Whether the Commonwealth Suppressed Evidence of Witness Diane Nobles' Criminal Record and Drug Use

Paddy alleged a *Brady* violation in his federal habeas corpus petition concerning the

prosecution's failure to disclose information about Ms. Noble's criminal history, psychiatric history, and drug use. This claim was not addressed in the Report & Recommendation and therefore not addressed in the November 20 Order and Memorandum.

Paddy did not raise this issue in a timely petition to the state courts, it was only contained in his second, untimely PCRA petition. The time to raise it has passed and the claim was procedurally defaulted. The procedural default bar can be overcome only if Paddy can establish cause and prejudice or demonstrate that a fundamental miscarriage of justice will occur if there is no federal review of his claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977). A petitioner who makes the requisite showing for either exception is entitled to have his or her claims heard on their merits by the federal district court despite procedural defaults.

A petitioner can establish cause "by showing, for example, that the factual or legal basis for a claim was not reasonably available to counsel or that government interference made compliance with the procedural rule impracticable." *Johnson v. Pinchak*, 392 F.3d 551, 563 (3d Cir. 2004). Under *Schlup v. Delo*, 513 U.S. 298, 324 (1995), a petitioner asserting a claim of actual innocence under the miscarriage of justice exception must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

Paddy has failed to show either cause or a miscarriage of justice. The state has not committed any *Brady* violations that might establish cause. Furthermore, the allegedly suppressed evidence goes towards impeachment and would not establish actual innocence. The claim will be denied.

9

### 3. Whether Paddy's due process rights were violated when Marvin Neal allegedly testified falsely and the PCRA court denied a full hearing on this claim

In his federal habeas petition, Mr. Paddy alleged that his due process rights were violated because the prosecution suborned the perjury of Mr. Neal. While AEDPA limits a federal court's authority to grant habeas relief after a state court has ruled on a petitioner's federal claim, 28 U.S.C. § 2254(d) does not apply when the legal claim was presented but not considered. *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006). In these situations, the court undertakes a *de novo* review of the claim. *Id*. Petitioner raised this claim in his PCRA petition after discovering a transcript of a telephone conversation between Mr. Neal and an incarcerated acquaintance. It does not appear that the state courts ever ruled on this particular claim so this court will review it *de novo*.

Judge Reuter addressed the due process claim in his Report and Recommendation. Petitioner produced a transcript of a telephone conversation between Mr. Neal and an incarcerated acquaintance, Mr. Ray. *See* Habeas Exhibit 66. Judge Reuter described the interaction as follows: "[t]he recorded telephone conversation was between Marvin Neal and an inmate named David Ray. During the conversation, the men expressed their opinions regarding the steps the police and prosecutors will take to obtain a conviction. (Pet.'s Br. at 55-56.)." R&R at 26 n. 12. Judge Reuter found no constitutional violation because "[d]uring the portion of the taped conversation highlighted by petitioner, Mr. Neal does not directly state that he testified falsely during petitioner's trial." R&R at 26.

During the phone conversation Mr. Ray makes allegations with disturbing implications, including that Mr. Neal had no personal knowledge of the events and the police provided him with information. *See* Habeas Exhibit 66. The Supreme Court recognizes "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. Illinois,* 360 U.S. 264, 269 (1959). But Mr. Neal never affirmed Mr. Ray's

allegations in a manner rising to the level of a constitutional violation. Mr. Neal makes no clear statement in which he implicates the police in his misconduct or admits that he committed perjury. Petitioner has failed to prove a cognizable due process violation. The claim will be denied.

**III. CONCLUSION**

The motion for reconsideration will be denied as to all requests except two, five and eight. The court has considered and denied the claims underlying those requests. An appropriate Order follows.